## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ENGINEERING AND INSPECTION**            **CIVIL ACTION**
**SERVICES, LLC**

**VERSUS**                                **NO. 23-6844**

**NEW RISE RENEWABLES, RENO LLC**         **SECTION "O"**

## <u>ORDER AND REASONS</u>

Before the Court in this contract case is the motion[1] of Defendant New Rise
Renewables Reno, LLC to dismiss the claims brought by Plaintiff Engineering and
Inspection Services, LLC for lack of personal jurisdiction under Federal Rule of Civil
Procedure 12(b)(2), or, alternatively, for improper venue under Rule 12(b)(3). In the
further alternative, Defendant moves to transfer this case to the United States
District Court for the District of Nevada under 28 U.S.C. §§ 1404(a) and 1406(a).[2]

This contract dispute arises from Defendant's alleged failure to pay invoices
for services Plaintiff rendered in connection with the construction and maintenance
of a diesel-fuel facility operated by Defendant outside Reno, Nevada.[3] The facts
required to resolve Defendant's motion are straightforward and few.

---

[1] ECF No. 6.
[2] *Id.* at 1.
[3] *See generally* ECF No. 1-1.

Defendant is a Delaware LLC with a principal place of business in Nevada;[4] it operates a diesel-fuel facility outside Reno.[5] Plaintiff is a Louisiana LLC with a principal place of business in Louisiana;[6] it "is an industry-leading consulting business that provides advice and expertise on plant engineering projects."[7]

Plaintiff sued Defendant in Louisiana state court, alleging that Defendant failed to pay invoices for work Plaintiff performed in connection with the construction and maintenance of Defendant's diesel-fuel facility.[8] Defendant removed the case to this Court based on diversity jurisdiction.[9] *See* 28 U.S.C. § 1332(a)(1). Defendant later moved to dismiss the case for lack of personal jurisdiction and for improper venue, or, alternatively, to transfer the case to the District of Nevada.[10]

In that motion, Defendant contends that the Court lacks personal jurisdiction because Defendant "does not have any offices in Louisiana, conducts no business in Louisiana, has no employees in Louisiana, does not advertise in Louisiana, and has no affiliation with Louisiana."[11] And Defendant contends that the mere existence of a contract between it and Plaintiff does not confer personal jurisdiction.[12] For substantially similar reasons, Defendant contends that venue is improper in the Eastern District of Louisiana but proper in the District of Nevada. To that end, Defendant states that it is "a resident of Nevada" that is "subject to personal

---

[4] ECF No. 6-2 at ¶ 4.
[5] ECF No. 6-1 at 3; ECF No. 6-2 at ¶ 5; ECF No. 1-1 at ¶ 5.
[6] ECF No. 1-1 at ¶ 1(a).
[7] *Id.* at ¶ 4.
[8] *See generally id.*
[9] *See generally* ECF No. 1.
[10] ECF No. 6.
[11] ECF No. 6-1 at 2.
[12] *Id.* at 2–3 (citing *Moncrief Oil Int'l v. OAO Gazpro*m, 481 F.3d 309, 311 (5th Cir. 2007)).

jurisdiction in Nevada";[13] that "the *only* judicial district in which a substantial part of the events giving rise to [Plaintiff's] claim[s] occurred [is] the District of Nevada";[14] and that "this action may be appropriately brought in the. . . District of Nevada."[15]

Plaintiff makes only a limited rejoinder.[16] Without contesting the substance of any of Defendant's personal-jurisdiction or improper-venue arguments, Plaintiff suggests that this case should be transferred to the District of Nevada because "it is obvious . . . that a more appropriate venue is in Nevada."[17] And Plaintiff contends that the Court should transfer this case rather than dismiss it outright because "personal and subject[-]matter jurisdiction unquestionably exist[] in the . . . District of Nevada,"[18] and because "the interest of justice is much better served in transferring to the appropriate district rather than dismissal."[19]

Defendant chose not to file a reply.[20] So, for purposes of the motion, Defendant has not disputed Plaintiff's contention that "the interest of justice" requires the Court to transfer this case—rather than to dismiss it—under Section 1406(a).

The Court agrees that "the interest of justice" requires transferring this case to the District of Nevada. 28 U.S.C. § 1406(a). As a threshold matter, however, the Court must decide if Section 1406(a) or Section 1404(a) governs transfer. "[T]he

---

[13] *Id.* at 14.
[14] *Id.* at 15 (emphasis in original).
[15] *Id.*
[16] ECF No. 8 at 1–2.
[17] *Id.* at 2.
[18] *Id.*
[19] *Id.* (first citing *Chenevert v. Springer*, No. 09-CV35, 2009 WL 2215115, at *4 (S.D. Tex. July 22, 2009); and then citing *Herman v. Cataphora, Inc.*, 730 F.3d 460 (5th Cir. 2013)).
[20] *See* Docket Sheet, *Eng'g & Inspection Servs., LLC v. New Rise Renewables Reno, LLC*, No. 23-CV-6844 (E.D. La. July 8, 2024).

determination of whether § 1406[a] or § 1404(a) applies turns on whether venue is proper in the court in which the suit was originally filed." *In re Atl. Marine Const. Co.*, 701 F.3d 736, 739 (5th Cir. 2012), *rev'd on other grounds sub nom. Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49 (2013). If venue is improper in that court, then Section 1406(a) applies; if venue is proper in that court, then Section 1404(a) applies. *See id.*; *see also, e.g.*, 14D CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3827 (4th ed. 2021) (explaining that Section 1406(a) applies when "the venue chosen by the plaintiff is improper," whereas Section 1404(a) applies "[i]f the original federal forum is a proper venue").

Here, the Court concludes that Section 1406(a) governs transfer because venue in the Eastern District of Louisiana is improper. More specifically, venue is not proper in the Eastern District of Louisiana under any of the scenarios outlined in the general venue statute. *See* 28 U.S.C. § 1391(b)(1)–(3). First, venue is not proper under Subsection (b)(1) because Defendant is the only defendant, and Defendant does not "reside[]" in this judicial district. *Id.* § 1391(b)(1). Defendant is not "deemed to reside" in the Eastern District of Louisiana by virtue of Subsection (c)(2) because Plaintiff has not rebutted any of Defendant's personal-jurisdiction arguments and so Plaintiff has necessarily not shown that Defendant "is subject to the [C]ourt's personal jurisdiction." *Id.* § 1391(c)(2). Second, venue is not proper under Subsection (b)(2) because Plaintiff has not identified "a substantial part of the events or omissions giving rise to [Plaintiff's] claim[s]" that "occurred" in the Eastern District of Louisiana. *Id.* § 1391(b)(2). Finally, venue is not proper under Subsection (b)(3)

4

because there is a "district in which an action may otherwise be brought," *id.* § 1391(b)(3), the District of Nevada, as Defendant acknowledges in its brief.[21]

Accordingly, having concluded that Section 1406(a)—rather than Section 1404(a)— governs, the Court applies Section 1406(a) here. Section 1406(a) states that "the district court of a district in which is filed a case laying venue in the wrong division or district *shall dismiss, or if it be in the interest of justice, transfer* such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). Section 1406(a) "require[s] a transfer"—rather than an outright dismissal—"when venue [is] improper but justice nonetheless weigh[s] in favor of transfer to a proper venue rather than dismissal." *Franco v. Mabe Trucking Co.*, 3 F.4th 788, 793 (5th Cir. 2021) (citing *Transfer in the Federal Courts in the Absence of Personal Jurisdiction*, 61 COLUM. L. REV. 902, 902 (1961)). Importantly, the Court need not have personal jurisdiction over Defendant before transferring this case under Section 1406(a). *See id.* (citing *Goldlawr v. Heiman*, 369 U.S. 463, 466 (1962)).

Section 1406(a) "was intended to 'remov[e] whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits,' so that plaintiffs would not be penalized by 'time-consuming and justice-defeating technicalities.'" *Id.* (quoting *Goldlawr*, 369 U.S. at 466–67). Thus, "[i]n most cases of improper venue, the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation." 14D CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3827 (4th ed. 2021) (footnote omitted).

---

[21] ECF No. 6-1 at 15 (acknowledging that "this action may be appropriately brought in the United States District Court for the District of Nevada").

Ultimately, "it is enough" to support Section 1406(a) transfer "simply that the district judge, in the sound exercise of discretion, concludes that transfer is in the interest of justice." *Id.* (footnote omitted). For example, courts "are likely to order transfer rather than dismissal if it would be more efficient or economical to do so." *Id.* (footnote omitted); *accord Turner v. Harvard MedTech of Nev., LLC*, 620 F. Supp. 3d 569, 576 (W.D. Tex. 2022) (concluding the interests of justice favored transfer over dismissal where transfer would avoid the expense of refiling and defendants "would not be unduly burdened" by transfer to "a state where they conduct business and reside").

Here, the Court concludes under Section 1406(a) that transferring this case to the District of Nevada is "in the interest of justice." 28 U.S.C. § 1406(a). Transfer is "in the interest of justice" because it is undisputed that venue is proper in the District of Nevada and that a court in the District of Nevada would have personal jurisdiction over Defendant.[22] And transfer "would be more efficient [and] economical" than dismissal because transfer would avoid the expense of refiling another lawsuit in the District of Nevada. 14D CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3827 (4th ed. 2021) (footnote omitted). Moreover, Defendant has not identified any prejudice that it would suffer if the case were transferred rather than dismissed. Nor has Defendant persuaded the Court that allowing Section 1406(a) transfer here would "aid a non-diligent [P]laintiff" or that Plaintiff "knowingly file[d] [this] case in the wrong district." *Dubin v. United States*, 380 F.2d 813, 816 n.5 (5th

---

[22] *See* ECF No. 6-1 at 14 (acknowledging that Defendant "is subject to personal jurisdiction in Nevada"); *id.* at 15 (acknowledging that "this action may be appropriately brought in the United States District Court for the District of Nevada").

Cir. 1967) (internal quotation marks omitted).[23] On the contrary, as noted above, Defendant elected not to file a reply brief to contest Plaintiff's singular argument that transfer to the District of Nevada is "in the interest of justice." 28 U.S.C. § 1406(a).

Accordingly,

**IT IS ORDERED** that Defendant's motion[24] to dismiss or, in the alternative, to transfer venue is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED IN PART** as to Defendant's request for transfer. Under 28 U.S.C. § 1406(a), this case is **TRANSFERRED** to the United States District Court for the District of Nevada. The motion is **DENIED IN PART**, however, as to Defendant's request for dismissal rather than transfer because the Court finds that "the interest of justice" requires transfer rather than dismissal.[25] 28 U.S.C. § 1406(a).

New Orleans, Louisiana, this 10th day of July, 2024.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[23] This case is thus unlike *Seville v. Maersk Line, Ltd.*, 53 F.4th 890 (5th Cir. 2022). There, the Fifth Circuit affirmed a district court's decision under Section 1406(a) to dismiss—rather than to transfer—a suit brought by a plaintiff whose lawyer "openly *admitted* there was no basis for thinking . . . a connection" to the forum existed and who otherwise "knew there was no colorable basis for laying venue in the Eastern District of Louisiana." *Id.* at 896, 897 (emphasis in original). Here, there is no indication that Plaintiff's counsel knew there was no colorable basis for venue in this judicial district.

[24] ECF No. 6.

[25] A stay is not merited. District courts should stay venue-transfer orders "for a short time so that opposing parties may have time to seek review, *if warranted*, on a less hurried/harried basis." *In re Chamber of Com. of United States of Am.*, No. 24-10463, — F.4th—, 2024 WL 3042100, at *11 (5th Cir. June 18, 2024) (emphasis added) (citing *In re Clarke*, 94 F.4th 502, 507 n.1 (5th Cir. 2024)). But Plaintiff agrees that transfer "is appropriate," ECF No. 8 at 2, and so Plaintiff raises no arguments opposing transfer for which it could "seek review," *id.*; *see Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) (explaining that "[a] party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal" (internal citations omitted)).